ALWIN HAYES, AN INFANT, BY HIS GUARDIAN *AD LITEM* THURLOW HAYES, AND THURLOW HAYES, INDIVIDU-ALLY, PLAINTIFFS-APPELLANTS, v. FREDERICK SHEP-HERD, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued June 7, 1965—Decided July 7, 1965.

Before Judges GAULKIN, FOLEY and COLLESTER.

*Mr. Morton Stavis* argued the cause for appellant (*Messrs. Gross & Stavis*, attorneys, *Mrs. Mabel L. Richardson*, of counsel).

*Mr. George D. McLaughlin* argued the cause for respondent (*Mr. Nicholas Scalera*, of counsel and on the brief).

The opinion of the court was delivered by

FOLEY, J. A. D. Plaintiffs appeal from a judgment in favor of defendant entered in the Law Division upon a jury verdict of no cause of action.

The infant plaintiff, by his guardian *ad litem*, brought action for damages sustained as the result of his being struck by defendant's automobile. His father sued *per quod*.

The facts in evidence so far as they are pertinent to our determination, are these: at about 5:30 P.M. on April 5, 1961 Alwin, nine years of age and a resident of the neighborhood, was crossing Madison Avenue, Newark, N. J. A line of automobiles was standing awaiting the turn of a traffic light. Alwin looked in both directions and then passed between two of these automobiles. He was struck by defendant's vehicle which was travelling on Madison Avenue. He did not see defendant's car before the accident, nor did defendant see him.

Plaintiffs' first point, and one which we find determinative, is that the court erroneously submitted to the jury the defense of assumption of risk.

Although assumption of risk was not included as a legal issue in the pretrial order, defendant's attorney in his opening statement to the jury (after referring to the defense of contributory negligence) said:

"There is also another defense called assumption of risk and if knowing the situation, living in that neighborhood, he started across that street and then he is hurt, then, he takes on himself the burden and is barred from recovery."

Obviously the attorney thus conveyed to the jury the idea that contributory negligence and assumption of risk were separate and distinct affirmative defenses.

In his summation defendant's attorney reiterated the supposed distinction between contributory negligence and assumption of risk. He said:

"* * * if he were guilty of negligence in any degree and this infant contributed to the happening of the accident, then, the law bars him from recovery.

There is another defense, which, in large measure, is very similar to contributory negligence, and it is called assumption of risk.

\*        \*        \*        \*        \*        \*        \*        \*

So, on the defense of assumption of risk this will all be explained to you.

If, in the face of a danger, you walk into it and you are injured, then, you cannot be heard to complain and if this is the situation, there is no recovery."

Defendant submitted no request to charge on the subjects of contributory negligence or assumption of risk. The court properly charged on the issue of contributory negligence, allocating to the defendant the burden of proving that defense and defining the degree of care required of a child of Alwin's years. The court then went on to say:

"Now there has been raised by the defendant the question of assumption of risk. Now if you find that the plaintiff's injuries resulted from dangers which were inherent in the transaction, in other words, the accident in which he was engaged in, and that the defendant exercised the care of a reasonably prudent man in his conduct toward the plaintiff with respect to such dangers, then, the defendant was free of negligence and the plaintiff would be barred from recovery. Actually, in effect, it is the defense of contributory negligence. That is a secondary and equative proposition."

The admixture of contributory negligence and assumption of risk in a simple negligence case such as this has long been a problem to the courts. The Supreme Court came to grips with the problem in *Meistrich v. Casino Arena Attractions, Inc.*, 31 *N. J.* 44 (1959). Therein the court pointed out that assumption of risk had theretofore been used in two incongru-

ous senses: in one sense it meant the defendant was not negligent, while in its other sense it meant the plaintiff was contributorily negligent. See *McGrath v. American Cyanamid Co.*, 41 *N. J.* 272, 274 (1963). Tracing the origin and development of the assumption of risk doctrine the court said in *Meistrich*:

"Hence we think it clear that assumption of risk in its secondary sense is a mere phase of contributory negligence, the total issue being whether a reasonably prudent man in the exercise of due care (a) would have incurred the known risk and (b) if he would, whether such a person in the light of all of the circumstances including the appreciated risk would have conducted himself in the manner in which plaintiff acted.

Thus in the area under discussion there are but two basic issues: (1) defendant's negligence, and (2) plaintiff's contributory negligence. In view of the considerations discussed above, it has been urged that assumption of risk in both its primary and secondary senses serves merely to confuse and should be eliminated." (31 *N. J.*, at *p.* 54)

In concluding, the court said:

"In short, each case must be analyzed to determine whether the pivotal question goes to defendant's negligence or to plaintiff's contributory negligence. If the former, then what has been called assumption of risk is only a denial of breach of duty and the burden of proof is plaintiff's. If on the other hand assumption of risk is advanced to defeat a recovery despite a demonstrated breach of defendant's duty, then it constitutes the affirmative defense of contributory negligence and the burden of proof is upon defendant." (at *p.* 57)

More recently, in *McGrath v. American Cyanamid Co.*, *supra*, the Supreme Court had occasion to discuss the problems arising from instructing the jury as to the legal significance of assumption of risk in its "secondary sense." Reaffirming *Meistrich, supra*, the court said:

"In *Meistrich* we said the terminology of assumption of the risk should not be used when it is projected in its secondary sense, *i. e.*, that of contributory negligence * * *. We thought, however, that '[p]erhaps a well-guarded charge of assumption of risk in its primary sense will aid comprehension.'" (41 *N. J.*, at *pp.* 275–276)

The court concluded:

"Experience, however, indicates the term 'assumption of risk' is so apt to create mist that it is better banished from the scene. We hope we have heard the last of it. Henceforth let us stay with 'negligence' and 'contributory negligence.' " (at *p.* 276)

In the light of *Meistrich* and *McGrath,* we think that in this case the references of the attorney for the defendant to the defense of assumption of risk and the court's charge on the subject created precisely the confusion which the cited cases decried. Clearly, the attorney's remarks conveyed to the jury the notion that independent of any consideration of contributory negligence, the jury should find against the infant plaintiff, if it concluded that by crossing Madison Avenue under traffic conditions of which he had prior knowledge, he "assumed the risk" of the injury which he suffered. The trial court, in charging as it did, tended to suggest approval of that incorrect concept, and thus deprived plaintiff of his right to have the jury evaluate his conduct solely in terms of contributory negligence. The total effect of the trial court's error in treating contributory negligence and assumption of risk as separate propositions was not cured by the statement that "[a]ctually, in effect, it is the defense of contributory negligence. That is a secondary and equative proposition." It would mock reality to assume that a jury of laymen would have the slightest idea of what that meant.

In short, we conclude that the assumption of risk as such was not in this case and should not have been charged. Furthermore, we are of the opinion that the trial court, in the interests of preventing confusion in the minds of the jury, *sua sponte* should have directed defendant's attorney to desist from mentioning the so-called defense of assumption of risk to the jury, and instructed the jury to disregard the attorney's remarks. Specifically, we hold that the portions of the court's charge above set out constituted harmful error for the reasons herein stated.

In view of this result we find it unnecessary to discuss plaintiffs' remaining points. Suffice it to say that any error therein charged was not of such substance as would require reversal. See *R. R.* 1:5–3(b).

Reversed.